**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited.  R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1107-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RANDY COLSON,

     Defendant-Appellant.

_____

         Submitted October 17, 2018 – Decided June 20, 2019

         Before Judges Alvarez and Nugent.

         On appeal from Superior Court of New Jersey, Law Division, Morris County, Municipal Appeal No. 17-014.

         Schenck, Price, Smith & King, LLP, attorneys for appellant (John E. Ursin and Raajen V. Bhaskar, on the briefs).

         Douglas R. Cabana, attorney for respondent.

PER CURIAM

Defendant appeals from a Law Division order that found him guilty of violating a municipal zoning ordinance concerning signs. The Law Division judge made his decision on a stipulated record. Because the record did not establish the elements of the violation, we reverse.

Section 13-8.909(p) of The Township of Roxbury's Zoning Ordinance prohibits "in all zones in the municipality," among other signs, "signs placed upon motor vehicles which are continuously or repeatedly parked in a conspicuous location to serve as a sign." On February 9, 2015, the Township's zoning officer mailed to Starz Discount Oil Company and defendant a "Notice of Violation." The notice stated in pertinent part:

> I thank you for your response but parking your van along Landing Road does constitute a sign in my opinion. We are very consistent with our requests for removal of vehicles parked similar to yours at other locations throughout Roxbury Township. Vehicles parked repeatedly in a conspicuous location to serve as a sign are prohibited. We prohibit outdoor storage located in any front yard areas as well.
>
> We are requesting that you remove your vehicle from this location since you do not have an operational office at this location and because we are considering it as a prohibited signage.
>
> Thank you for your anticipated cooperation in resolving this issue.

The following month, on March 20, 2015, the zoning officer issued a complaint summons to defendant for violating Section 13-8.909(p).

The parties tried the case in municipal court on a stipulated record.[1] The stipulated record consisted of the Notice of Violation issued to defendant, five photographs, and a verbal stipulation. The photographs were taken on December 29, 2014; and January 22, February 9, March 17, and March 19, 2015. The first photograph, dated December 29, shows a sign and what appears to be a white company van parked behind the sign. The sign contains a large, yellow, five-pointed star. The top point extends almost to the top border of the sign. The two bottom points extend almost to the bottom of the sign, but there is room enough between the bottom point and the sign's bottom border for the company's telephone number. Two tips of the star extend to each side border of the sign. Across the top of the star, in very large letters that appear to be red or orange, is the word "STARZ." The name "Discount Oil Company" appears between the

---

[1] The parties tried the case twice in municipal court. Following the first trial, in which a municipal court judge found defendant guilty, defendant appealed. For reasons not relevant to this appeal, a Law Division judge remanded the case to municipal court for a second trial. A second municipal court judge found defendant guilty. Defendant filed for a trial de novo, resulting in a third judge finding him guilty of the ordinance, and defendant appealing from that decision.

word "STARZ" and the company's telephone number at the bottom of the sign. For ease of reference, we will refer to this design as the company's logo.

From the group of photographs, it appears the sign is affixed to a sign pole that has two other signs above the Starz Discount Oil Company sign. The signs and the pole are located in front of a building where the advertised businesses presumably operate.

As noted, in the background of the sign with the Starz logo is a white van. In one of the photographs the view of the van is partially obstructed by the sign. The partial view of the van's passenger side reveals the same logo as that on the sign. It extends across the rear passenger door toward the rear bumper. In the remaining space between the door and the rear bumper, in what appear to be three small panels, is the number "23.4" in black on a yellow background, followed by "GAL." Beneath what is obviously the price per gallon is the company's telephone number. The remaining photographs show the driver's side of the van's exterior, which also bears the company's logo and the price per gallon.

The price per gallon varies. In the February 9, 2015 photograph, the price is 23.9 cents per gallon. The price either does not appear or is obstructed in the

A-1107-17T1

March 17, 2015 photograph. The price per gallon in the March 19, 2015 photograph is 24.9 cents.

The parties orally stipulated that the van depicted in the photographs "is parked on property leased for a commercial purpose by the defendant," and the van "is a vehicle owned by the defendant [and] used in his business."

A municipal court judge found defendant guilty of the violation. Defendant filed a request for trial de novo in the Law Division. There, the judge found defendant guilty of violating the ordinance.

In his decision, the Law Division judge first cited the municipal ordinance, including its definition in section 13-8.901of "sign":

> **Sign** shall mean any object, device, display or structure or part thereof, situated outdoors or indoors, which is used to advertise, identify, display, direct or attract attention to an object, person, institution, organization, business, product, service, event or location by any means, including words, letters, figures, design, symbols, fixtures, colors, illumination or projected images.

The judge determined that "the changeable pricing sign [on the van] is a display used to advertise or draw attention to a business product, and that fits within the definition of a sign." The judge added that the sign painted on the van "would advise the viewer of a product for sale, presumably at a favorable price, and that the company is the place where you can get that. So, that is commerce 101 right

5

down the middle, a display intended to attract customers by way of a favorable price."

Addressing defendant's legal arguments, the judge first noted that an ordinance is presumed to be valid. Next, the Law Division judge noted the State's motor vehicle laws regulated, in broad terms, the operation of motor vehicles, but concluded when a motor vehicle is also used as a sign, a municipality has the authority to regulate it under a land use ordinance.

The judge determined that despite the ability to debate what constitutes conspicuous or repeated or continuing activity, "we are talking about ultimately visibility, we are talking about a timeline temporality repeatedly, or continuously." The judge did not find the concepts contained in the ordinance to be vague.

Last, the judge determined that because the municipality was regulating the location of signage, the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -163, authorized the municipality's action. The judge found defendant guilty, fined him, and imposed court costs. This appeal followed.

In an "appeal from a de novo trial on the record, [an appellate court] consider[s] only the action of the Law Division and not that of the municipal court." State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001) (citation

6

omitted).  Appellate review of the findings of fact made by the Law Division is limited.  Deference is given to the trial court's fact and credibility findings when those findings are supported by substantial, credible evidence in the record. State v. Stas, 212 N.J. 37, 48-49 (2012); State v. Locurto, 157 N.J. 463, 474 (1999).  Appellate courts owe no deference, however, to either the trial court's interpretation of the law or to its determination of the legal consequences that result from its fact-finding.  Stas, 212 N.J. at 49.

Defendant makes three arguments challenging the validity of the ordinance.  First, the Township has no authority under its delegated land use powers to regulate motor vehicles.  Next, Title 39 of the State's Revised Statutes, sometimes referred to as the Motor Vehicle Code, preempts the Township's application of the sign ordinance to motor vehicles.  Last, the novel application of an unconstitutionally vague sign ordinance denied him due process.

Except for the following brief comments, defendant's arguments challenging the ordinance's validity are without sufficient merit to warrant discussion.  R. 2:11-3(e)(1)(E).

The municipal ordinance does not regulate motor vehicles.  It does not, for example, prohibit the use of advertising on motor vehicles.  Rather, through its use of the phrases "continuously or repeatedly parked," "in a conspicuous

location," and "to serve as a sign," it prohibits the use of a motor vehicle as the functional equivalent of a stationary sign.

Nor are we persuaded by defendant's as-applied vagueness challenge to the ordinance. The challenge requires us "to determine whether either statute fails to give [defendant] fair warning that his or her conduct is prohibited." State v. Saavedra, 222 N.J. 39, 68 (2015) (alteration in original) (citations omitted). Here, the ordinance gives fair warning of the prohibited conduct. The phrase "to serve as a sign" gives notice that if a person selects a "conspicuous location" and continuously or repeatedly parks a vehicle in that location — for the purpose of having the vehicle serve as a sign — the person is subject to a fine. If the vehicle is parked in a location, even if done so continuously or repeatedly, for a purpose other than to serve as a sign, there is no violation.

Defendant also argues that "the plain meaning of the Sign Ordinance does not encompass the facts upon which [d]efendant was convicted. Not only are many material terms left undefined, they are simply inferred into the evidence or ignored in furtherance of the regulation[']s ostensible purposes." We agree with that part of defendant's argument that the facts upon which he was convicted do not establish an ordinance violation.

A-1107-17T1

Significantly, there is no testimonial evidence about the location depicted in the photographs. The Notice of Violation requested defendant remove his vehicle "from this location since you do not have an operational office at this location." The sign on the pole in the photographs suggest otherwise.

Moreover, without testimony, there is no reasonable inference a factfinder can draw from the photographs either that the vehicle is in a "conspicuous" location or that the purpose of placing it there is that it serve as a sign. For example, if the van was parked at the Starz Oil office, in an appropriate parking area for the office, a factfinder would be hard pressed to find the purpose in parking at that location is to have the van serve as a sign, even if there were proofs that the parking area is "conspicuous." Similarly, if defendant used the van for both business and personal use, and parked it in his driveway at night, a factfinder could hardly find that the selected location – the driveway of his home – was for the purpose of having the van serve as a sign.

We note that the first municipal court judge said he was being asked "a difficult question to decide with very little evidence. . . . [I]t would probably [be] more helpful to have live testimony, but I assume you gentlemen have your reasons." The prosecutor replied, "[t]he evidence that would be presented at trial is what is before Your Honor right now." Yet, the record is clear that the

zoning officer was present and willing to testify about many more details than those in the stipulated facts.

In any event, the prosecutor deliberately chose to make the precise record upon which the Law Division judge eventually decided the case and upon which this appeal is presented. The prosecution had the burden of proving the ordinance violation beyond a reasonable doubt. Bellville v. Parillo's, Inc., 83 N.J. 309, 312, 318 (1980). The prosecution failed to carry its burden of proof on the stipulated record.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1107-17T1